UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARLENE PATTERSON, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>WEBER & OLCESE, P.L.C., a Michigan professional limited liability company; and CREDIT ACCEPTANCE CORP., a Michigan corporation,<br><br>     Defendants. | Case No. 1:21-cv-01002<br><br>Hon. |

## COMPLAINT AND JURY DEMAND

Plaintiff Darlene Patterson, by and through her counsel, Westbrook Law PLLC, brings this Complaint against Defendants Weber & Olcese, P.L.C. and Credit Acceptance Corporation, and states as follows:

## INTRODUCTION

1.    Plaintiff seeks redress for the unlawful collection practices of Defendants, in which they engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*, by seeking to collect a consumer debt in an excessive amount, contrary to the explicit terms of a binding agreement between Plaintiff and Defendant Credit Acceptance Corporation.

2.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C.  1692(e).

3.     Defendants filed a collection lawsuit against Plaintiff seeking more than $14,000.00 in excess of any debt lawfully owing by Plaintiff, violating both the terms of the agreement between Plaintiff and Defendant Credit Acceptance Corporation, and federal and state collection law.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5.     Venue is appropriate in this Court because the conduct complained of took place within this District.

## THE PARTIES

6.     Plaintiff Darlene Patterson is an individual residing in Wyoming, Michigan. Plaintiff is a "consumer" as that term is defined in the FDCPA and MRCPA.

7.     Defendant Weber & Olcese, P.L.C. ("W&O") is a Michigan professional limited liability company.  The registered agent for W&O is Michael J. Olcese and the registered office for W&O is 2653 Industrial Row Drive, Troy, Michigan.

8.     W&O regularly collects debts that are incurred primarily for personal, family, or household purposes, and are owed to third parties.  The debts W&O regularly attempts to collect on behalf of others include automotive loans, and W&O uses interstate mails and wires to accomplish this purpose. W&O is a "debt collector" as that term is defined and used in the FDCPA.  W&O is a "regulated person" as that term is defined and used in the MRCPA.

2

9.      Defendant Credit Acceptance Corporation ("CAC") is a Michigan corporation with its primary office located in Southfield, Michigan. CAC is a consumer finance company that acts within the State of Michigan to collect debts owed to CAC. CAC is a "regulated person" as that term is defined and used in the MRCPA.

## FACTS

10.     On or about May 24, 2018, W&O, on behalf of CAC, filed a lawsuit (the "2018 Case") against Plaintiff in the 62A District Court for the State of Michigan.

11.     The 2018 Case was based on a Retail Installment Contract ("RIC") purportedly between Plaintiff and LAC Auto Sales, Inc. for the purchase of a 2007 Chevrolet Tahoe in November of 2015.

12.     The 2007 Tahoe was obtained by Plaintiff and her husband for personal and family use.

13.     In the 2018 Case, CAC alleged that Plaintiff's debt was assigned to CAC and that Plaintiff breached the RIC by failing to make payments. Plaintiff filed an answer and counterclaims under the MRCPA.

14.     CAC and Plaintiff settled the 2018 Case, signing a document entitled Complete and Permanent Release and Settlement Agreement ("Settlement Agreement") on December 18 and December 19 of 2018. (Ex. 1.)

15.     The Settlement Agreement was entered into "to completely and finally resolve all disagreements, disputes, and/or claims of any kind between Consumer [Plaintiff] and Credit Acceptance." (*Id.*)

16.     In the Settlement Agreement, CAC explicitly waived collection under the terms of the RIC, agreed to accept a total of $5,000.00 in monthly installments of $250.00, and waived interest. (*Id.*)

17.     The 2018 Case was dismissed with prejudice on December 28, 2018.

18.     On July 30, 2021, W&O, on behalf of CAC, filed a second lawsuit against Plaintiff (the "2021 Case," Ex. 2).

19.     In the Complaint in the 2021 Case, Defendants failed to acknowledge the 2018 Case, the Settlement Agreement, or the dismissal of the 2018 Case with prejudice.

20.     Defendants sought $19,799.57 in the 2021 Case, based on the same RIC that was the purported basis for the 2018 Case.

21.     Plaintiff did not owe CAC $19,799.57 at the time the 2021 Case was brought by Defendants.

22.     Following execution of the Settlement Agreement, Plaintiff had made payments to CAC and, at the time the 2021 Case was filed, owed CAC less than $5,000.00.

23.     By filing the 2021 Case, CAC breached the Settlement Agreement.

24.     The 2021 Case, which sought to enforce the RIC and collect according to its terms without modification as provided in the Settlement Agreement, lacked merit and was barred by *res judicata*.

25.     As a result of Defendants' filing of the 2021 Case, Plaintiff was forced to expend costs and attorney fees defending the case, including the filing of a Motion to Dismiss.

26.     Defendants attempted to collect a consumer debt in an excessive amount.

27.     In filing the 2021 Case against Plaintiff, Defendants communicated false information regarding a debt to Plaintiff and to the 62A District Court.

28.    In filing the 2021 Case against Plaintiff, Defendants falsely represented the amount and legal status of Plaintiff's debt.

29.    Plaintiff suffered actual damages, including the expenditure of costs and attorney fees in defending the 2021 Case, as a result of Defendants' filing of and allegations in the 2021 Case.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## W&O

30.    Plaintiff incorporates the preceding paragraphs by reference.

31.    It is unlawful for a debt collector to falsely represent the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

32.    It is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

33.    It is unlawful for a debt collector to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).

34.    W&O violated the FDCPA, 15 U.S.C. §§ 1692e, 1692f, 1692g, and 1692j.

35.    W&O's violations of the FDCPA were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against W&O providing the following relief:

    a.  Actual damages pursuant to 15 U.S.C. § 1692k(1);

    b.  Additional damages pursuant to 15 U.S.C. § 1692k(2)(A);

    c.  Costs and attorney fees pursuant to 15 U.S.C. § 1692k(3); and

    d.  Any and all other legal and equitable relief as the Court deems just.

## COUNT III
## MICHIGAN REGULATION OF COLLECTION PRACTICES ACT
### ALL DEFENDANTS

36.     Plaintiff incorporates the preceding paragraphs by reference.

37.     It is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.  M.C.L. § 445.252(e).

38.     It is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of the creditor or debtor.  M.C.L. § 445.252(f).

39.     It is unlawful for a regulated person to use a harassing, oppressive, or abusive method to collect a debt.  M.C.L. § 445.252(n).

40.     Defendants violated the MRCPA.

41.     Defendants' violations of the MRCPA were willful.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants providing the following relief:

    a.  Treble actual damages pursuant to M.C.L. § 445.257(2);

    b.  Statutory damages pursuant to M.C.L. § 445.257(2);

    c.  Costs and attorney fees pursuant to M.C.L. § 445.257(2); and

    d.  Any and all further legal and equitable relief as the Court deems just.

## COUNT III
## BREACH OF CONTRACT
### CAC

42.     Plaintiff incorporates the preceding paragraphs by reference.

6

43.     By filing the 2021 Case, CAC breached the Settlement Agreement.

44.     As a result of CAC's breach of the Settlement Agreement, Plaintiff incurred the costs and fees of defending the 2021 Case.

45.     Plaintiff was damaged by CAC's breach of the Settlement Agreement.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against CAC specifying the following relief:

    a.   Actual damages in an amount to be determined at trial; and

    b.   Any and all further legal and equitable relief as the Court deems just.

Respectfully submitted,

Dated: November 29, 2021

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
Centennial Plaza, Suite 205
2851 Charlevoix Dr. SE
Grand Rapids, MI 49546
(616) 288-9548
ted@westbrook.law

## JURY DEMAND

Plaintiff Darlene Patterson hereby demands a jury as to all issues and claims so triable.

Respectfully submitted,

Dated: November 29, 2021

/s/Theodore J. Westbrook
Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
Centennial Plaza, Suite 205
2851 Charlevoix Dr. SE
Grand Rapids, MI 49546
(616) 288-9548
ted@westbrook.law